## MARKS *v.* TONEY.

(In Banc.   June 12, 1944.)

[18 So. (2d) 452.   No. 35645.]

Paine & Paine, of Aberdeen, for appellant.

McFarland & Holmes, of Aberdeen, for appellee.

J. O. Prude, Jr., of Amory, for appellee.

Argued orally by **Thos. F. Paine**, for appellant.

**McGehee, J.**, delivered the opinion of the court.

Appellant filed his bill for the dissolution of an alleged partnership composed of appellant's intestate and appellee. Accounting was prayed for. As exhibit to the bill there was filed an alleged accounting showing the respective interests of the four partners. Each net interest was computed at $1,388.47, and the memorandum indicated an indebtedness due by appellee to each of the then partners consisting of the parties hereto, Chris James and Naum James. The bill alleges that this memorandum disclosed the basis of the sale of the partnership property, a bakery, to appellee. In fact, it is alleged that two partners, Chris. and Naum James, did pursuant thereto sell their interest to appellee, but that appellee remained indebted to Stacy Gilleff for his interest in the bakery in the sum of $1,388.47. It is further alleged that appellee "failed to pay Stacy Gilleff the sum of money due him but the said amount remained invested in said bakery, and Stacy Gilleff's one-fourth interest in said bakery, as a partner therein, continued in existence." Complainant prayed for the value of his share with interest and an accounting of profits since August 23, 1932, the date of the memorandum. Demurrer was sustained and the bill dismissed.

We need not examine appellee's contention that if the memorandum is a stated account it is barred by limitation, nor whether the partnership was dissolved pursuant to the memorandum. As stated, this memorandum was dated August 23, 1932. The bill discloses that Gilleff moved away, and died in the City of Detroit, February 14, 1943. No demand is revealed for the alleged balance due him, nor any course pursued by him for nearly eleven years.

The bill reveals no demand by him during his lifetime, which period extended nearly eleven years after execution of the settlement basis upon which his representative now stands. Such delay in these circumstances amounts to laches. The rule laid down in Comans v. Tapley, 101 Miss. 223, 57 So. 567, Ann. Cas. 1914B, 307, is thus stated in Griffith, Chancery Practice, Sec. 33. "It is a rule peculiar to and inherent in courts of equity; and it applies where it would be practically unjust to give a remedy, either because the appellant has by his conduct done that which might be fairly regarded as equivalent to a waiver of his remedy, or where by his conduct and neglect he has, though perhaps not waiving that remedy, yet put the other party in a situation in which it would not be reasonable to place him if the remedy were to be afterwards asserted. A long or protected delay in the prosecution of rights is presumed to have produced the situation last mentioned and equity looks with so little favor upon such prosecution that it will not entertain them, although no express statute of limitations is available,—unless facts are shown which will rebut the presumption of injustice arising out of the apparently undue delay, or which will excuse the same." Where, as here, the appellee has, by the death of Gilleff, been disqualified from testifying to defend the account upon its merits, the principle is given added force.

Affirmed.